

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**PD-1374-14**

**WESLEY ALLEN DOTSON, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTH COURT OF APPEALS
KARNES COUNTY**

*Per curiam.* **Richardson, J., not participating.**

## O P I N I O N

A jury convicted appellant of aggravated assault of a public servant, and sentenced him to fifty years' confinement and assessed a $10,000 fine. On appeal, appellant claimed that the trial court erred by allowing the State to impeach a defense witness with prior felony convictions that were more than ten years old.

The court of appeals upheld the trial court's actions by applying the common law tacking doctrine to the remote convictions, and assessing their admissibility under Rule of Evidence 609(a)'s "outweigh" standard rather than Rule of Evidence 609(b)'s

"substantially outweigh" standard. *Dotson v. State*, No. 04-13-00858-CR, slip op. at 3-4 (Tex. App.–San Antonio Sept. 10, 2015)(not designated for publication). Applying Rule 609(a), the court of appeals upheld the admission of the prior remote convictions. *Id.* at 6.

Appellant has filed a petition for discretionary review of this decision. We recently addressed this issue in *Meadows v. State*, PD-0175-14, slip op. at 4 (Tex. Crim. App. Feb. 25, 2015), in which we held that the unambiguous plain language of Rule of Evidence 609 supplants the common-law tacking doctrine. Under Rule 609(b), evidence of a prior conviction is inadmissible to impeach a witness "if more than ten years has elapsed since the later of the date of conviction or release of the witness from confinement imposed for that conviction 'unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.'" *Id.* at 6.

The Court of Appeals in the instant case did not have the benefit of our opinion in *Meadows.* Accordingly, we grant ground (1) of appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of our opinion in *Meadows.*[1]

DELIVERED April 15, 2015
DO NOT PUBLISH

---

[1] Ground (2) of appellant's petition for discretionary review is refused without prejudice.